# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELVIN COLBERT, LAKEA COLBERT,** | * | **CIVIL ACTION NO: 2:18-cv-5077** |
| **CORDERO WASHINGTON, AND** | * | |
| **YASCHIA WASHINGTON** | * | |
| **Plaintiffs** | * | **SECTION** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE: IVAN L.R. LEMELLE** |
| | * | |
| | * | |
| | * | **MAGISTRATE:** |
| **PEDRO VELOZ, URS MIDWEST, INC.,** | * | **DANA DOUGLAS** |
| **ROMULUS INSURANCE RISK RETENTION** | * | |
| **GROUP, INC., JOHN DOE, AND XYZ** | * | |
| **INSURANCE COMPANY** | * | |
| **Defendants** | * | **A JURY IS DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDING ANSWER

NOW INTO COURT, through undersigned counsel, come Defendants, Pedro Veloz, URS Midwest, Inc. and Romulus Insurance Risk Retention Group, Inc., which hereby submit this memorandum in support of their Motion for Leave to File Supplemental and Amending Answer to allege additional affirmative defenses and a third party-demand against Melvin Colbert.

### PROCEDURAL HISTORY AND BACKGROUND

This suit stems from alleged motor vehicle accident that occurred on September 7, 2017, where it is alleged the car-hauler operated by URS Midwest driver Pedro Veloz side-swiped the vehicle operated by Melvin Colbert and occupied by Lakea Colbert, Yaschia Washington, and Cordero Washington. A Complaint was initially filed by Melvin Colbert, Lakea Colbert, Yaschia Washington, and Cordero Washington on May 21, 2018. (See Rec. Doc. 1). Since filing suit, Defendants have resolved the claims of Melvin Colbert, Cordero Washington, and Lakea Colbert.

Yaschia Washington remains the only active Plaintiff. Following the resolution of those claims, Defendants discovered new information and evidence that the incident was intentionally caused by the actions of Melvin Colbert. Given that Ms. Washington is the cousin of Mr. Colbert and that all the vehicle occupants are related, it is possible that she had prior knowledge of this staged accident.

On September 7, 2017, Mr. Veloz, the URS Midwest driver, was traveling in the center lane of Interstate 10 in New Orleans East when an unknown driver of a Toyota Camry cut him off. To avoid striking the Toyota Camry, Mr. Veloz switched lanes into the right lane and continued to travel on the interstate. As he continued to travel on the interstate, an unidentified vehicle flagged Mr. Veloz down to notify him that he had been involved in a motor vehicle accident with the vehicle operated by Melvin Colbert and occupied by Lakea Colbert, Yaschia Washington, and Cordero Washington. Although plaintiffs alleged that Mr. Veloz sideswiped their vehicle, newly discovered evidence indicates that Melvin Colbert intentionally struck the rear of the URS Midwest trailer, causing the alleged collision. Defendants continue to investigate the veracity of Plaintiffs' claims to uncover additional information.

Pursuant to the Court's original scheduling order, all incidental demands, including counterclaims, should have been filed by September 10, 2018. See Rec. Doc. 16. Defendants, however, were not in possession of the information and evidence that supports their third-party demand and additional affirmative defenses. As required by Local Rule 7.6, prior to filing this motion, Defendants contacted Plaintiff's counsel requesting consent to grant this motion for leave. Plaintiff's counsel **does not** object.

## LAW AND ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading

has been served, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). Rule 15(a) evinces a favor of granting leave to amend. See *Stripling v. Jordan Prod.Co.* 234 F.3d 863, 872 (5th Cir. 2000). However, the district court has discretion to deny a motion to amend if the amended complaint fails to state a claim upon which relief could be granted. *Id.* To determine whether relief could be granted, courts apply the same standard of legal sufficiency as applied under Rule 12(b)(6) – i.e. whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states a valid claim for relief. *Id*; see also *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000). Other factors that Courts use to determine whether to grant a motion to amend include: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party. See *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Defendants assert a valid affirmative defense of conspiracy to commit fraud in their First Supplemental and Amending Answer in response to the Complaint. Likewise, Defendants assert a valid claim of fraud in their third party demand against the former Plaintiff, Melvin Colbert. The newly asserted affirmative defenses and third-party demand are made in good faith, and will not create undue prejudice to the Plaintiff, Yaschia Washington.

### A. Defendants Set Forth Facts in The Third-Party Demand That Support A Valid Claim of Relief Made in Good Faith.

Under Federal Rules of Civil Procedure 9(b), when alleging fraud, a party must state with particularity the circumstances constituting fraud. As asserted in their third-party demand against Melvin Colbert, Defendants obtained information through their investigation that supports that the September 7, 2017 accident did not occur as alleged by Plaintiff, but was intentionally caused by Melvin Colbert, and/or that Plaintiff suffered no injury in the alleged accident.

There have been dozens of similar suspicious accidents with nearly identical facts that have occurred within the past two to three years. The accidents share following common elements:

(1) The trucking incidents occurred at the same locations: I-10 or I-510/I-610 within the past 2-3 years;

(2) The occupants in the passenger vehicles claimed that the tractor-trailer was changing lanes;

(3) There was an impact to the rear tires of the 18-wheeler;

(4) The collisions involved side contact at the very rear of the trailer and at the very front of the passenger vehicle;

(5) A third vehicle is involved either appearing on the scene immediately thereafter or flagging the truck driver down.

Based on these commonalities, there appears to be an established pattern of reported crashes in the New Orleans East area within the past two to three years that support a concern that the crashes are staged and intentionally committed by passenger vehicle drivers.

Defendants have additional evidence that corroborates and confirms that the subject incident was staged and intentionally caused. Defendants requested cell phone records of the occupants in the plaintiff vehicle. The cell phone records of Melvin Colbert (504-638-7196) demonstrate he was in contact with Cornelius Garrison (504-564-2011) several times prior to and immediately following the accident. Specifically, there were three calls between Mr. Colbert and Mr. Garrison in the 24 hours preceding the accident. There were 11 calls between the two men in the 2-3 hours following the accident. Exhibit 1, Summary of Call Records and Exhibit 2, Cell Phone Records of Melvin Colbert.

This is significant because Cornelius Garrison has filed at least two side swipe accidents—

one against an 18 wheeler and one against a Hotard bus making similar allegations as in this case. Exhibit 3, Lawsuits of Garrison in *globo*. Additionally, Garrison's number appears in the phone records of several plaintiffs with lawsuits regarding similar allegations – mainly, sideswipes on I-10 with 18-wheelers. Like in this matter, based on returns from subpoenas, Garrison's number appeared on plaintiffs' phone records in the following matters asserting similar allegations:

- *Kenyatta Francis v. Cincinnati Insurance Co., et al.,* Docket No. 2014-6193 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged on I-10 at Louisa St.

- *Sorina v. Vargas, et al.,* Docket No. 15-01546 pending in Eastern District of Louisiana wherein a sideswipe is alleged at I-10 near Canal Street Exit. (It should be noted that Garrison was listed as an "independent witness" to the accident).

- *Harris, et al. v. Old Republic Ins. Co., et al.*, Docket No. 16-2238 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged on I-10.

- *Darnell Harris and Selita Harris v. U.S. Xpress, Inc., et al.*, Docket No. 2016-12685 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged at I-10 and Claiborne Ave.

- *Tiaji Andrews, et al. v. United Specialty Ins. Co., et al.*, Docket No. 2017-1092 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged on I-10.

- *Brinson v. National Union Fire Ins. Co. of Pittsburgh, PA, et al.*, Docket No. 2017-2639 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged at I-10 and Louisa Street.

- *Swanika Robinson, et al vs. Ace American Insurance Co., et al,* Docket No. 2017-311 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged at I-

10 near Franklin Ave.

- *Cynthia Zilton and Ireion Lewis, et al. vs. Zurich American Insurance Company, et al.,* Docket No. 2018-2194 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged on I-10.

- *De'angelo Adams, et al. vs. National Union Fire Insurance Company, et al.,* Docket No. 2018-2829 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged at I-10 near I-610.

- *Ryan Harris vs. RLC Trucking, LLC, et al.*, Docket No. 2018-02918 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged at I-10 and I-610.

- *Harris, et al. v. Celadon Trucking Services, Inc., et al.,* Docket No. 2018-03317 pending in Eastern District of Louisiana wherein a sideswipe is alleged at I-10 at Louisa.

- *Thomas, et al. v. Chambers, et al.*, Docket No. 18-4373 pending in Eastern District of Louisiana wherein a sideswipe occurred at I-10 at Crowder Blvd.

- *Glenda Hulbert, et al. vs. Gabriel Alphonse, et al.*, Docket No. 2018-342 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged on I-10.

- *Demetra Henderson-Burkhalter, et al. v. Walmart Transportation, et al.*, Docket No. 18-00928 pending in Eastern District of Louisiana wherein a sideswipe is alleged at I-10 at Morrison Road.

- *Tyler, et al. v. Empire Express, et al.,* Docket No. 18-05364 pending in Eastern District of Louisiana wherein a sideswipe is alleged on I-10.

- *Henry v. Cowan Systems, LLC,* Docket No. 2018-05391 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged at I-10 near Micoud Blvd.

- *Johnny Marshall, et al. v. Great American Insurance Company, et al.,* Docket No 2018-5564 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged on I-10.

- *Nobles, et al. v. Great West Casualty Co., et al*., Docket No. 2018-06048 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged at I-10 near Almonaster.

- *David Garrison, et al. v. The Gray Casualty and Insurance Co., et al.,* Docket No. 2018-6316 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged on US Hwy 90.

- *Janet Reed, et al. vs. Southeastern Freight Lines, Inc., et al.,* Docket No. 2018-6569 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged at I-10 near Downman Road.

- *Harry Dorsey, et al. v. Werner Enterprises, Inc. of Nebraska, et al.,* Docket No. 2018-6603 pending in Eastern District Louisiana wherein a sideswipe is alleged on I-610.

- *Wayland Collins, et al. v. John Benton, et al*., Docket No. 18-07465 pending in Eastern District of Louisiana wherein a sideswipe is alleged on I-10.

- *Lott, et al. v. Airgas USA, LLC, et al.,* Docket No. 2018-11470 filed in Orleans Parish Civil District Court wherein a sideswipe is alleged on I-10.

- *Cameron Creighton, et al v. Otis Jefferson, et al*, in Eastern District of Louisiana, Docket No. 18-cv-10128, wherein a sideswipe is alleged on I-10.

Moreover, Plaintiffs were previously represented by attorney Lionel Sutton. Ms. Washington testified that she contacted Mr. Sutton the day after the alleged accident. Exhibit 4,

Deposition of Y. Washington at pg. 28. Mr. Sutton represented plaintiffs in over 20 other lawsuits with similar facts and allegations as this matter. Additionally, at the time Mr. Sutton shared office space with attorney Vanessa Motta. Ms. Motta has represented plaintiffs in more than 30 other lawsuits with similar facts and allegations as this matter.

Following the subject accident, Ms. Washington initially sought treatment at Doctors Rehab and with Dr. Neil Jolly of Louisiana Pain Specialists for neck and back pain.  She was ultimately referred to Dr. Peter Liechty at One Spine Institute.  Dr. Liechty performed a two-level cervical fusion and one level lumbar fusion in December of 2017.  The investigation into these other accidents indicates that Ms. Washington's course of treatment is very similar to several of the other plaintiffs and the same treating providers are involved in the other cases.

As a result of these accidents, there is an ongoing criminal investigation by the United States Attorney's Office into these accidents.  On August 30, 2019, undersigned counsel's firm was served with a Grand Jury Subpoena "related to automobile and tractor-trailer accidents involving or associated with Cornelius Garrison, Vanessa Motta, and/or Sean Alfortish." In addition, undersigned counsel has been in contact with a special agent from the FBI regarding the subject accident.

Based on these facts, Defendants maintain that there was no accident or collision as alleged by the Plaintiff and/or that it was staged or caused by Melvin Colbert and/or that Plaintiff suffered no injury as a result of the alleged accident. Defendants assert that any accident or collision, if one did occur, was intentionally caused by Melvin Colbert.  The role of Yaschia Washington, who is a cousin of Melvin Colbert, is unknown at this juncture. Plaintiff's allegations are misrepresentations in accordance with Louisiana Civil Code article 1953. The material misrepresentations asserted in the Complaint were used to deceive Defendants in forcing them to

defend a meritless claims and/or make payments for alleged injuries. As a result of these fraudulent actions, Defendants have and will continue to expend resources and expenses, including attorney's fees, in defending this fraudulent lawsuit. Therefore, Defendants assert a valid claim, made in good faith, in their third-party demand against Melvin Colbert.

**B. Defendants Assert a Valid Affirmative Defense of Conspiracy to Commit Fraud in their Frist Supplemental and Amending Answer.**

Based on the facts set forth above, Defendants have asserted the additional affirmative defense of conspiracy to commit fraud. This is a valid affirmative defense and is being made in good faith.

## CONCLUSION

Defendants, Pedro Veloz, URS Midwest, Inc. and Romulus Insurance Risk Retention Group, Inc., in the interest of justice, seek to amend their Answer to assert the affirmative defense of conspiracy to commit fraud. This amendment would not cause undue prejudice to the Plaintiff, Yashica Washington, and is being made without objection from Plaintiff. In addition, Defendants, Pedro Veloz, URS Midwest, Inc. and Romulus Insurance Risk Retention Group, Inc., assert a valid claim, made in good faith, in their Third-Party Demand against Melvin Colbert. Defendants' Counterclaim asserts the facts with particularity that support their allegations of fraud. Further, Defendants' Counterclaim would not cause undue prejudice to the Plaintiff. Therefore, Defendants, Pedro Veloz, URS Midwest, Inc. and Romulus Insurance Risk Retention Group, Inc., pray that the motion be deemed good and sufficient and that leave to allege additional affirmative defenses and third-party demand against Melvin Colbert be granted.

Respectfully submitted,

  */s/   Heather N. Shockley*
**MICHAEL R. SISTRUNK (12111)**
**HEATHER N. SHOCKLEY (33296)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL, & WELCH, LLC**
195 Greenbriar Blvd., Suite 200
Covington, LA 70433
Telephone:  (504) 831-0946
Facsimile:  (800) 977-8810
**Attorneys for Defendants, Pedro Veloz, URS Midwest, Inc. and Romulus Insurance Risk Retention Group, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via electronic mail to all counsel of record and filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system this 18th day October, 2019.

  */s/   Heather N. Shockley*