

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2016-9756

DIVISION " "

SECTION 7.



**CORNELIUS GARRISON, III**

VERSUS

**LANCER INSURANCE COMPANY, ALL ABOARD AMERICA! HOLDINGS INC., HOTARD COACHES, INC., ARTHUR HICKS, JR., STATE FARM FIRE & CASUALTY COMPANY, AND DONIESHA GIBSON**

FILED:_____          _____
                                           DEPUTY CLERK

**PETITION FOR DAMAGES**

The petition of **CORNELIUS GARRISON, III**, a person of the full age of majority and a resident of Orleans Parish, respectfully represents:

1.

The following parties made defendants in this lawsuit are justly and truly indebted unto your petitioner jointly, severally, and/or *in solido*, for such monetary damages as are reasonable in the premises of this action, together with legal interest thereon from the date of judicial demand until paid:

    A.   **LANCER INSURANCE COMPANY,** (hereinafter sometimes referred to as "LANCER"), a foreign insurer licensed to do and doing business in the Parish of Orleans, State of Louisiana, that at all times mentioned herein, had in full force and effect a policy of liability insurance coverage that insured defendants, All Aboard America and Hotard Coaches, Inc., for liabilities of the nature and kind made basis of this suit

    B.   **ALL ABOARD AMERICA! HOLDINGS INC.,** a domestic / foreign corporation licensed to and doing business in the State of Louisiana, Parish of Orleans

    C.   **HOTARD COACHES, INC.,** a domestic / foreign corporation licensed to and doing business in the State of Louisiana, Parish of Orleans

    D.   **ARTHUR HICKS, JR.,** a person of the full age of majority believed to be domiciled Orleans Parish, State of Louisiana, who at all times pertinent hereto was the permissive operator and of a 2007 MCI BUS owned by Hotard Coaches, Inc.;

    E.   **STATE FARM FIRE & CASULTY INSURANCE COMPANY,** (hereinafter sometimes referred to as "STATE FARM"), a foreign insurer licensed to do and doing business in the Parish of Orleans, State of Louisiana, that at all times mentioned herein, had in full force and effect a policy of liability insurance coverage that insured defendant, Doniesha Gibson, for liabilities of the nature and kind made basis of this suit; and



F.  DONIESHA GIBSON, a person of the full age of majority believed to be domiciled in Orleans Parish, State of Louisiana, who at all times pertinent hereto was the operator/owner of a 2014 Dodge Avenger

2.

Defendants are liable and indebted to Plaintiff for such damages as are reasonable in the premises, including past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings, future loss of earning capacity, permanent disability to the body, and loss of consortium, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings, for the following:

3.

This litigation arises out of an accident (the "**Accident**"), which occurred on or about October 15, 2015 at approximately 6:13 p.m., in the Parish of Orleans, State of Louisiana on Interstate 10 near the Interstate 510 South Exit. At the time of the Accident, **CORNELIUS GARRISON, III** was a passenger in a vehicle, owned and operated by **DONESHIA GIBSON**. MS. GIBSON was traveling eastbound on Interstate 10 in the right of three lanes. At the same time, a vehicle owned by defendants **ALL ABOARD AMERICA! HOLDINGS INC.**, and/or **HOTARD COACHES INC.**, and operated by Defendant **ARTHUR HICKS, JR.**, was also traveling east on Interstate 10. **ARHTUR HICKS, JR.**, improperly changed lanes and struck the vehicle occupied by Plaintiff, causing him severe and disabling injuries.

4.

The above described Accident and all resulting injuries and damages to Petitioner there from were caused by the negligence and/or fault of defendant, ARTHUR HICKS, JR., including the following particulars, which if inconsistent are pleaded in the alternative, among others to be shown at the time of trial:

A.  Failing to operate a vehicle in a safe and prudent manner;

B.  Failing to use due care and caution under the circumstances then and there existing;

C.  Failing to maintain proper control of a vehicle;

D. Improper Lane Usage;

E. Failing to take necessary evasive actions in order to avoid an accident;

F. Any and all other acts of negligence, fault or imprudence which may be proven during the investigation and/or trial of the merits of this matter, all of which are in violation of the laws of the State of Louisiana and applicable Parish ordinances, which are hereby pleaded and adopted by this reference as though set forth *in extensio*.

*IN THE ALTERNATIVE:*

5.

On or about October 15, 2015 an accident occurred on or about Interstate 10 near the Interstate 510 South Exit. At the time of the Accident, **CORNELIUS GARRISON, III** was a passenger in a vehicle, owned and operated by **DONESHIA GIBSON**. **MS. GIBSON** was traveling eastbound on Interstate 10 in the right of three lanes. At the same time, a vehicle owned by defendants **ALL ABOARD AMERICA! HOLDINGS INC.**, and/or **HOTARD COACHES INC.**, and operated by Defendant **ARTHUR HICKS, JR.**, was also traveling east on Interstate 10. **DONESHIA GIBSON**, improperly changed lanes and tstruck the vehicle operated by ARHTUR HICKS, JR., thus causing Plaintiff severe and disabling injuries

6.

The sole and proximate cause of the above referenced accident was the negligence and fault of the defendant, **DONESHIA GIBSON**, which is attributed to but not limited to the following non-exclusive particulars:

A. Failing to operate a vehicle in a safe and prudent manner;

B. Failing to use due care and caution under the circumstances then and there existing;

C. Failing to maintain proper control of a vehicle;

D. Improper Lane Usage;

E. Failing to take necessary evasive actions in order to avoid an accident;

F. Any and all other acts of negligence, fault or imprudence which may be proven during the investigation and/or trial of the merits of this matter, all of which are in violation of the laws of the State of Louisiana and applicable Parish ordinances, which are hereby pleaded and adopted by this reference as though set forth *in extensio*.

7.

As a result of the Accident giving rise to this lawsuit, plaintiff, **CORNELIUS GARRISON, III**, sustained serious and permanent injuries. He has suffered past, and will continue to suffer present and future pain, suffering, anxiety, distress, depression, and keen mental anguish. He has incurred and/or will be caused to incur accident-related medical expenses, past, present, and future. He has lost or sustained diminished enjoyment of life; he has been caused to engage an attorney; and he has sustained other general and special damages, for which defendants are justly and truly indebted unto Plaintiff, jointly, severally and/or *in solido*, as are reasonale in the premises and allowed by law

8.

Plaintiff has filed this action in order to interrupt prescription and to allow for the commencement of discovery, fully reserving Plaintiff's right to amend this petition as new information becomes available and/or when the need arises

### REQUEST FOR NOTICE

In accordance with La. Code Civ. Proc. Ann. Art. 1572, Petitioner requests that the Court give written notice by certified mail, at least ten days in advance of the date fixed for trial or hearing of the case, whether on exceptions, motions, rules or the merits, Petitioner also requests immediate notice of all orders or judgments, whether interlocutory or final, made or rendered in this case upon rendition thereof, as provided by La. Code Civ. proc. Ann. Arts. 1913 and 1914, including notice of judgment, in the event that this case be taken under advisement, or if the judgment is not signed at the conclusion of the trial.

**WHEREFORE**, plaintiff, CORNELIUS GARRISON, III prays that defendants, LANCER INSURANCE COMPANY, ALL ABOARD AMERICA! HOLDINGS INC., HOTARD COACHES, INC., ARTHUR HICKS, JR., STATE FARM FIRE & CASUALTY COMPANY, AND DONIESHA GIBSON each be served with a copy of this petition, and be duly cited to appear and answer same; and that after due proceedings are had, that there be a judgment herein in favor of plaintiff, CORNELIUS GARRISON, III, and against defendants, LANCER INSURANCE COMPANY, ALL ABOARD AMERICA! HOLDINGS INC., HOTARD COACHES, INC., ARTHUR HICKS, JR., STATE FARM FIRE & CASUALTY

COMPANY, AND DONIESHA GIBSON, jointly, severally and/or *in solido*, for such monetary damages as are reasonable in the premises of this action, together with legal interest thereupon from the date of judicial demand until paid, including expert witness fees, and for all such general and equitable relief as the nature of the case may permit.

Respectfully Submitted,

*[signature]*

Arnona Rose, L.L.C.
Vincent R. Arnona (Bar No. 29070)
Donald L. Rose III (Bar No. 29407)
Toni R. Arnona (Bar No. 32323)
1130 Tchoupitoulas Street
New Orleans, LA 70130
Telephone: 504-556-4444
Facsimile: 504-556-4446

**PLEASE SERVE:**

LANCER INSURANCE COMPANY
Through their Agent:
Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

ALL ABOARD AMERICA! HOLDINGS INC.,
Through their Agent:
NATIONAL REGISTERED AGENTS, INC.
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

HOTARD COACHES, INC.
Through their Agent:
CALLEN HOTARD
2838 TOURO STREET
NEW ORLEANS, LA 70122

ARTHUR HICKS, JR.
7324 Edward Street
New Orleans, LA 70126

STATE FARM FIRE & CASUALTY COMPANY
Through their Agent:
Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

DONIESHA GIBSON
725 Pacific Ave.,
New Orleans, LA 70114



## ARNONA ROSE

1130 Tchoupitoulas Street
New Orleans, Louisiana 70130
504•556•4444
Fax 504•556•4446

Vincent R. Arnona, Esq.  vincentarnona@arnonarose.com
Donald L. Rose III, Esq.  donroseiii@arnonarose.com
Toni R. Arnona, Esq.  toniarnona@arnonarose.com

October 3, 2016

Clerk of Court Orleans Parish
Attn: Fax Filing
421 Loyola Ave., Rm 402
New Orleans, LA 70112

**RECEIVED**
OCT 05 2016
CLERK OF COURT
CIVIL DISTRICT COURT

RE: *Cornelius Garrison, III, v. Lancer Ins. Co., et al;* Case No. 16-9756

To Whom It May Concern:

Enclosed please find the original and two (8) copies of the Petition for Damages being filed in the above-captioned matter. Also, I have included the requested cover sheet and check no. 1383 in the amount of $672.50 per the enclosed facsimile form your office. Additionally, please find a self-address envelope for a file stamped copy to be returned to my office. If you need anything further please do not hesitate to contact my office.

Best,

*Toni R. Arnona*

Toni R. Arnona, Esq.

Enclosures

CLERK OF CIVIL DISTRICT COURT
421 Loyola Avenue, Rm. 402
New Orleans, LA 70112



*Dale N. Atkins*
CLERK OF COURT

Telephone: (504) 407-0000
Fax: (504) 592-9128
Email: cdcclerk@orleanscdc.com

**FACSIMILE TRANSMISSION CONFIRMATION**

$54.50
$72.16
$672.50
10-5-

TO: Tony Armoma

FROM: HON. DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT

DATE: 9-29-16     TIME: _____     FAX #: 556-4446

DATE PLEADING FILED: 9-29-16

DEPUTY CLERK: Brenda Alain

FAX FEE: $5.00          FILING FEE: $504.00 + 10.00 + 141.00

EXTRA PAGES: $12.50     TOTAL FEE DUE: $672.50

CASE TITLE: Cornelius Garrison, III

VERSUS

Hanover Insurance Company

CASE NUMBER: 16-9706     DIVISION: F-7

COMMENTS: Petition for damages, 1 extra defendant (141 each), Supreme Court

IN ACCORDANCE WITH L.S.A.R.S. 13:850, THE FOLLOWING MUST BE RECEIVED
WITHIN SEVEN (7) DAYS EXCLUSIVE OF LEGAL HOLIDAYS FOR THE FACSIMILE
FILING TO HAVE THE FULL FORCE AND EFFECT. (eff. 8-1-12)

1. THE ORIGINAL DOCUMENT MUST BE SIGNED.
2. ALL APPLICABLE FILING FEES MUST BE RECEIVED WITH THE ORIGINAL.
3. AN ADDITIONAL $5.00 FACSIMILE TRANSMISSION FEE MUST BE ENCLOSED FOR EACH DOCUMENT TRANSMITTED PLUS AN ADDITIONAL $2.50 PER PAGE FOR TRANSMISSIONS IN EXCESS OF TWO (2) PAGES.

   - IN FORMA PAUPERIS APPLICANTS, FEDERAL, STATE, AND LOCAL AGENCIES **ARE NOT** EXEMPT.

VERIFIED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 11-2817

DIVISION " "   SECTION " "

FILED
MAR 17 A 11:46
DISTRICT COURT

SECTION 6

CORNELIUS GARRISON

VERSUS

JUNICE N. MOORE, STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, DANNY A. RICE, SOUTHWEST
FREIGHT, INC., AND RLI INSURANCE COMPANY

FILED:_____   _____
                                    DEPUTY CLERK

### PETITION FOR DAMAGES

The petition of **CORNELIUS GARRISON** (hereinafter **GARRISON**), a person of the full age of majority, and a resident of the Parish of Orleans, State of Louisiana, with respect represents:

I.

That made defendants herein are:

1. **JUNICE N. MOORE** (hereinafter **MOORE**), a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana;

2. **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, (hereinafter **STATE FARM**), a foreign insurance company authorized to do and doing business in the Parish of Orleans, State of Louisiana;

3. **DANNY A. RICE** (hereinafter **RICE**), a person of the full age of majority, and a resident of the State of Texas;

4. **SOUTHWEST FREIGHT, INC.** (hereinafter **SOUTHWEST**), a foreign corporation domiciled in the State of Texas; and

5. **RLI INSURANCE COMPANY** (hereinafter **RLI**), a foreign insurance company authorized to do and doing business in the Parish of Orleans, State of Louisiana.

II.

Defendants, MOORE, STATE FARM, RICE, SOUTHWEST, AND RLI are justly and truly indebted unto your petitioner for the following reasons to-wit:

III.

On or about March 23, 2010, petitioner, GARRISON, was a guest passenger in a 2007 Cadillac vehicle bearing Louisiana Temporary License Plate No. 13521934SXY929, owned and operated by defendant, MOORE, traveling in a northerly direction in the left lane on South Peters Street, in the Parish of Orleans, State of Louisiana.

IV.

Defendant, RICE, was the operator of 2003 Freight liner Truck bearing 2010 Louisiana License Plate No. R93436, owned by defendant, SOUTHWEST, traveling in a northerly direction in the right lane on South Peters Street, in the Parish of Orleans, State of Louisiana.

V.

Petitioner, GARRISON, avers that as the vehicles being operated by defendants, MOORE and RICE were proceeding on South Peters Street, they suddenly and without warning, collided with one another when the vehicle operated by RICE attempted to turn left from the right lane.

VI.

Petitioner, GARRISON, avers that a proximate cause of the above described accident and personal injuries sustained resulting therefrom, was the negligence of defendant, MOORE, consisting of among others, the following:

- A. In failing to maintain a proper lookout;
- B. In failing to maintain a proper control over her vehicle;
- C. In traveling at a fast and excessive rate of speed under the then existing circumstances;
- D. In operating her vehicle in a careless and reckless manner;
- E. Any and all other acts of negligence which may be proved at the trial of this matter; and

F.  All in violation of Louisiana Revised Statute 32:1 et seq., which statutes are especially pleaded herein as though copied herein in *extenso*.

### VII.

Petitioner, GARRISON, avers that a proximate cause of the above described accident and personal injuries sustained resulting therefrom, was the negligence of defendant, RICE, consisting of among others the following:

A.  In improperly changing lanes of travel;

B.  In failing to maintain a proper control over his vehicle;

C.  In failing to maintain a proper lookout;

D.  In operating his vehicle in a careless and reckless manner;

E.  Any and all other acts of negligence which may be proved at the trial of this matter; and

F.  All in violation of Louisiana Revised Statutes 32:1 et seq., which statutes are especially pleaded herein as though copied herein in *extenso*.

### VIII.

Petitioner, GARRISON, avers that he was in no way negligent, nor did he cause or contribute to the above described accident.

### IX.

Petitioner, GARRISON, further avers that at all times pertinent hereto, defendant, RICE, was acting as an agent and/or employee on behalf of defendant, SOUTHWEST, and as such, had the full permission, knowledge, and consent of defendant, SOUTHWEST, to operate the herein above described vehicle.

### X.

As a result of the above negligence, petitioner, GARRISON, sustained the following injuries:

1.  Acute right flank strain;

2.  Acute right hip strain;

3.  Herniated lumbar disc.

## XI.

As a result of the above negligence, petitioner, GARRISON, suffered the following damages for which he is entitled to recover from the defendants, in solido, in amounts that will be shown through discovery and proven at trial:

> Past, present and future medicine, drugs, hospitalization, medical care, attendant care, loss wages, loss of wage earning capacity, pain and suffering, residual disabilities, mental anguish, emotional upset and distress.

## XII.

Petitioner avers that at all times pertinent hereto, defendant, STATE FARM, had in full force and effect, a policy of liability insurance coverage issued to defendant, MOORE, and as such, is liable jointly, severally, and in solido with defendant, MOORE, for the personal injuries sustained by your petitioner in this accident.

## XIII.

At all material times, RICE was furthering the mission and function of SOUTHWEST and as such, SOUTHWEST is liable to the plaintiff pursuant to *respondeate superior*.

## XIV.

Petitioner avers that at all times pertinent hereto, defendant, RLI Insurance Company, had in full force and effect, a policy of liability insurance coverage issued to defendant, SOUTHWEST, insuring the vehicle being operated by defendant, RICE, on the accident date, and as such, is liable jointly, severally, and in solido with defendants, SOUTHWEST and RICE, for the personal injuries sustained by your petitioner in this accident, under the theory of *respondeat superior*.

WHEREFORE petitioner, CORNELIUS GARRISON prays that the defendants be duly cited and served with a copy of the petition for damages and that after due proceedings are had, there be judgment herein in his favor in an amount commensurate with his injuries, and against the defendants, JUNICE N. MOORE, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DANNY A. RICE,

SOUTHWEST FREIGHT, INC., AND RLI INSURANCE COMPANY, jointly, severally and *in solido*, together with legal interest, thereon from the date of judicial demand until paid, for all cost of these proceedings, for all expert fees and for all general and equitable relief.

RESPECTFULLY SUBMITTED,

/s/ Michael

MICHAEL D. RILEY (Bar #:17116)
833 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 588-1110
Facsimile: (504) 588-1954
Attorney for Plaintiffs

**PLEASE SERVE DEFENDANTS:**

Junice N. Moore
2217 Gentilly Boulevard
New Orleans, LA 70126

Danny A. Rice,
THROUGH THE LONG ARM STATUTE,
18656 Kita Court
Porter, Texas 77365

Southwest Freight, Inc.,
THROUGH AN EMPLOYEE OF SUITABLE AGE,
THROUGH THE LONG ARM STATUTE,
9005 Spikewood Drive
Houston, Texas 77078

State Farm Mutual Automobile Insurance Company,
through the Honorable Secretary of State,
Baton Rouge, Louisiana 70804

RLI Insurance Company,
through the Honorable Secretary of State,
Baton Rouge, Louisiana 70804Conrado Montes
2806 Longwood Drive
Metairie, LA 70003